2013 UT App 178

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
BENJAMIN CRAIG NIELSEN,
Defendant and Appellant.

Memorandum Decision
No. 20110962-CA
Filed July 18, 2013

Second District, Ogden Department
The Honorable Michael D. DiReda
No. 081902131

H. Don Sharp, Attorney for Appellant
John E. Swallow and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE WILLIAM A. THORNE JR. authored this Memorandum
Decision, in which JUDGES CAROLYN B. MCHUGH and
J. FREDERIC VOROS JR. concurred.

THORNE, Judge:

¶1 Defendant Benjamin Craig Nielsen appeals from his convictions for production of marijuana, *see* Utah Code Ann. § 58-37-8(1)(a)(i) (LexisNexis 2012);[1] possession of marijuana with intent to distribute, *see id*. § 58-37-8(1)(a)(iii); unlawful possession of a handgun, *see id.* § 76-10-503(3)(a); and possession of drug paraphernalia, *see id*. § 58-37a-5(1). Defendant asserts that the district court erred in denying his motion to suppress the evidence

---

[1]Because the various amendments to the Utah Code since 2008 did not substantively change the relevant provisions of the code, we cite the current version for the reader's convenience.

because the affidavit supporting the search warrant was insufficient to establish probable cause.

¶2      In particular, Defendant argues that the confidential source was an unreliable anonymous source and the affidavit contained misleading statements and unlawfully obtained information. Although the affidavit is problematic, we do not disturb the district court's suppression order because we agree with the court's alternate ruling that even if the affidavit did not properly establish probable cause, the evidence seized during the search is admissible under the "good faith reliance" exception set forth in *United States v. Leon*, 468 U.S. 897, 918–21 (1984). "A trial court's finding that an officer relied on a defective search warrant in good faith is subject to a de novo review by this court." *State v. Horton*, 848 P.2d 708, 711 (Utah Ct. App. 1993).

¶3      In *Leon*, the Supreme Court held that the exclusionary rule, which is aimed at deterring unlawful police conduct, does not bar evidence obtained by officers acting in good faith reliance on a defective warrant. 468 U.S. at 918–21. Suppression, however, remains an appropriate remedy if the magistrate or judge issuing the warrant was misled by information in the affidavit that the affiant knew or would have known was false except for his or her reckless disregard for the truth. *Id.* at 923.

¶4      Defendant argues that the officer who executed the affidavit (Affiant) misled the magistrate through two misstatements in the factual allegations that were asserted either to intentionally misinform the magistrate or with reckless disregard for the truth. Defendant asserts that the following statements in the affidavit are misleading:

> On 9-29-08, Your Affiant watched the location . . . . *Your Affiant observed two vehicles during that time showed up at [the location] and were there only for a few minutes before leaving.* Your Affiant viewed this

behavior as being possible illegal drug [sales]. Your Affiant has witnessed this behavior on several occasions where the vehicle was stopped away from the location and illegal drugs were found. One of the two vehicles that Your Affiant saw was a Beige 1998 Chevy S-10 pickup . . . . Your Affiant ran a history check on the registered owner and found the owner to have a criminal history of Distribution of Methamphetamine.

. . . .

Your Affiant has attempted to do a trash run at this address in hopes that the suspect throws away anything that would indicate illegal drug [sales] or use. The suspects living at this address never placed their garbage out for normal pick up. Your Affiant has seen this behavior in past investigations where the suspect has knowledge that it is legal for law enforcement officers to take trash and they also know that evidence of illegal narcotics [sales] or use are found in the garbage collected.

(Emphasis added.)

¶5 Defendant first argues that Affiant included the language that the two vehicles "showed up" in his affidavit to recklessly mislead the magistrate into inferring that the occupant of each of the two vehicles went into the house, bought drugs, and left when Affiant never actually saw the occupant of either car go into the house. Although the sentence in question could have been more clear, the phrase "showed up" is not necessarily misleading. To show up means to arrive or appear, *see Merriam-Webster Online*, http://www.merriam-webster.com/dictionary/show%20up (last visited April 1, 2013). The use of this phrase accurately represents that Affiant observed two vehicles arrive and stay only

for a few minutes before leaving. The phrase show up does not by itself, as Defendant asserts, reflect an intent by Affiant to mislead the magistrate into inferring that the vehicle's occupants went into the house. Instead, the sentence indicates only what Affiant observed, i.e., the short term visits by each occupant of the two vehicles.

¶6     Defendant next argues that Affiant recklessly misled the magistrate when he attested in his affidavit, "The suspects living at this address *never place* their garbage out for normal pickup." (Second emphasis added.) Defendant misquotes Affiant's statement regarding the attempted "trash run." Affiant averred that he "attempted to do a trash run" and that the suspects living at this address "never *placed* their garbage out for normal pick up." (Emphasis added.) Although the exact duration of the attempted trash run is not readily apparent from this statement, read in context with the rest of the affidavit, the short term duration of the trash run is understood.

¶7     The affidavit reveals that Affiant received information that Defendant had been growing marijuana from a confidential source on September 29, 2008. That same day, Affiant began his observation of Defendant's house and attempted a trash run between September 29 and October 6, 2008. Affiant noted that he has seen other suspects refrain from placing their garbage out for normal pick up in past drug investigations. Based on the entirety of the affidavit, Defendant has made allegations that Affiant intentionally or recklessly misled the magistrate into believing that Defendant did not put the trash out over a long period of time, but Defendant has not adequately supported those allegations.

¶8     Neither of the statements Defendant asserts were averred to mislead the magistrate actually misinformed the magistrate about Affiant's observations. Nor does Defendant allege any other support to demonstrate that Affiant misled the magistrate. Accordingly, we affirm the district court's ruling that the evidence seized during the search is admissible under the "good faith

reliance" exception set forth in *United States v. Leon*, 468 U.S. 897 (1984).[2]

---

[2]Defendant argues that under *United States v. Charles*, 290 F. Supp. 2d 610, 614 (D. V.I. 1999), Affiant's swab of his front doorknob and the submission of the Ionscan test results of the swab without a search warrant was itself an unconstitutional search and seizure and therefore not permissible information in the affidavit. The State argues that Affiant's swab of Defendant's front doorknob was constitutional and cites a United States District Court decision stating that an officer's swabbing the front door of a house for residue and running an Ionscan test on the residue was constitutionally permissible. *See United States v. Daybell*, 2:04-CR-242 TC (D. Utah July 20, 2004). We note that the law was not settled at the time of Affiant's "search" of the door-knob. *See Florida v. Jardines*, 133 S. Ct. 1409 (2013) (holding that officers' use of a drug-sniffing dog on front porch of home, to investigate an unverified tip that marijuana was being grown in the home, was a trespassory invasion of the curtilage, which constituted a "search" for Fourth Amendment purposes, and that officers did not have an implied license for the physical invasion of the curtilage). On this state of the law, the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 923 (1984) (citation and internal quotation marks omitted).